IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                            Case Nos. 95-CR-10052-1-JTM

MICHAEL C. PEACH,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Michael Peach's pro se motions to dismiss and for emergency review and for summary judgment and dismissal of indictment by default (Dkts. 217, 218). Defendant argues that the court lacks subject matter jurisdiction because there is no record of his indictment being properly returned in open court, thereby creating a jurisdictional defect. He further claims that he was unlawfully arrested and detained and that the court failed to retain records of defendant's criminal proceedings. Defendant asserts that he preserved these matters because he filed an objection to the alleged defect prior to his sentencing in 1996, but the sentencing judge did not address defendant's objection before concluding the hearing.

Defendant previously challenged his convictions and alleged fraud on the court, claims which were denied by Judge Belot. (Dkts. 197, 206). The Tenth Circuit determined that defendant could not show fraud on the court by clear and convincing evidence. (Dkt. 213, at 3). The Circuit also noted that defendant did not seek permission to file a

successive collateral attack and further that such a request would fail under 28 U.S.C. § 2255(h).  (*Id.* at 2).

Presently, defendant challenges his indictment, the grand jury process, and alleges the court lacks jurisdiction to convict.  The court construes defendant's motions as collateral attacks filed pursuant to § 2255.  *See In re Cline*, 531 F.3d 1249, 1253 (10th Cir. 2008).  "A § 2255 motion is one claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  *Id.*

Once again, defendant has not received permission from the Tenth Circuit to file a successive collateral attack pursuant to 28 U.S.C. § 2244(b)(3)(A).  The court does not have jurisdiction to consider a successive § 2255 motion unless it has been certified "by a panel of the appropriate court of appeals."  *See* 28 U.S.C. § 2255(h).  "A prisoner's post-judgment motion is treated like a second-or-successive § 2255 motion—and is therefore subject to the authorization requirements of § 2255(h)—if it asserts or reasserts claims of error in the prisoner's conviction."  *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013).  Defendant's motions have not been certified by the Tenth Circuit and are dismissed.

Rule 11 of the Rules Governing Section 2255 Proceedings directs the court to issue or deny a certificate of appealability when it issues a final adverse order.  A certificate of appealability is not warranted in this case because reasonable jurists could not debate

whether the motion "should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted); 28 U.S.C. § 2253(c)(2).

IT IS THEREFORE ORDERED this 8th day of May, 2018, that defendant's motions to dismiss and for emergency review and for summary judgment and dismissal of indictment by default (Dkts. 217, 218) are construed as successive § 2255 motions and are dismissed.

IT IS FURTHER ORDERED that the court will not issue a certificate of appealability in this case.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
