IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           Case No. 95-10052-JWB

MICHAEL C. PEACH,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on ten motions by Defendant entitled "Statement of Proceedings Under Rule 10(c)" (Docs. 238-247) and on Defendant's "Motion Seeking Approval" of the foregoing documents.  (Doc. 249.)  For the reasons that follow, all of the foregoing motions are DENIED.

## I. Background

This case has a long and tortuous history, which is only briefly summarized here.  The saga actually begins with a separate case styled *United States v. Peach,* D. Kan., No. 95-10022-JTM. Defendant was indicted in that case on February 9, 1995, on one count of theft of a firearm in violation of 18 U.S.C. 922(u).  (No. 95-10022-JTM, Doc. 1.)  Defendant was arrested on April 11, 1995, made his initial appearance on April 12, 1995, appeared for a detention hearing on April 14, 1995, and was arraigned on April 19, 1995.  (*Id.*, Docs. 2, 3, 7, 11.)  Defendant eventually went to trial on that charge and was found not guilty by a jury.  The Hon. J. Thomas Marten entered a judgment of acquittal on March 14, 1996.  (*Id.*, Doc. 41.)

Defendant's prosecution in the instant case (No. 95-10052-JWB) overlapped with the above-described case. In this, the instant case, Defendant was initially charged by way of information, filed April 12, 1995, with one count of interference with interstate commerce by robbery in violation of 18 U.S.C. § 1951. (Doc. 1.) He was arrested and made his initial appearance on April 14, 1995. (Docs. 2, 3.) On April 19, 1995, Defendant was arraigned on the one-count information. (Doc. 8.) On the same day, a five-count indictment was filed against Defendant charging possession with intent to distribute crack cocaine (Count 1); use of a firearm during a drug-trafficking crime (Count 2); possession with intent to distribute crack cocaine (Count 3); use of a firearm during a drug-trafficking crime (Count 4); and obstruction of commerce by robbery (Count 5). Defendant was arrested on the indictment on April 19, 1995, and arraigned on the indictment on May 3, 1995. (Docs. 10, 11, 12.) The May 3, 1995, arraignment was conducted by Magistrate Judge Karen M. Humphreys; the other pretrial proceedings heretofore mentioned were conducted by Magistrate Judge John Thomas Reid.

The subsequent proceedings in the instant case were handled by the Hon. Monti L. Belot. Judge Belot granted a motion to sever Count 5. (Doc. 41.) Defendant proceeded to trial on Counts 1 through 4 and was found guilty by a jury on all counts. (Doc. 56.) Judge Belot subsequently granted a motion for new trial as to Count 2. (Doc. 68.) Judge Belot sentenced Defendant to 36 months imprisonment on Counts 1 and 3, to run concurrently, and 60 months on Count 4, to run consecutively. (Doc. 72.) Defendant proceeded to a jury retrial on Count 2 and was found guilty. (Doc. 88.) He then proceeded to a jury trial on Count 5 and was found guilty on that count as well. (Doc. 105.) Judge Belot sentenced Defendant to 20 years imprisonment on Count 2, with that count to run consecutively to the sentence on Counts 1, 3, and 4, and to 63 months on Count 5, with that count to run consecutively to all other counts. (Docs. 113, 114.)

2

In connection with all of the foregoing proceedings, Defendant filed a number of appeals and multiple section 2255 motions, motions for writs of mandamus and coram nobis, and other motions. Except for a procedural issued raised by Defendant in 2006 (Docs. 150, 156), all of the foregoing were denied or dismissed by this court and by the Tenth Circuit Court of Appeals.

On January 7, 2019, Defendant filed a motion to reduce his sentence pursuant to the First Step Act. (Doc. 227.) The parties agreed to recommend a reduction in Defendant's controlling sentence from 399 months to 375 months. (Doc. 235.) The court granted the requested reduction on July 11, 2019. (Doc. 237.)

On July 21, 2020, Defendant filed ten documents described both as "statements of proceedings" made pursuant to Rule 10(c) of the Federal Rules of Appellate Procedure and "motions." (Docs. 238-247.) The caption of the motions listed both Case No. 95-10022-JTM and Case No. 95-10052-JWB. (*Id.*) The documents were accordingly filed as motions in both cases. Although the rule cited by Defendant (Fed. R. App. P. 10(c)) applies only to "appellants" and "appellees," there was no appeal pending when Defendant filed the motions. On July 31, 2020, Defendant filed a petition for writ of mandamus with the Tenth Circuit. (Doc. 248.) On August 24, 2020, Defendant filed a motion in this court seeking approval of his previously-filed statements of proceedings. (Doc. 249.)

A review of Defendant's ten statements show he is claiming various errors were committed in connection with his pretrial appearances before Magistrate Judge Reid in Case No. 95-10022-JTM and Magistrate Judge Humphreys in Case No. 95-10052-JWB, as well as in subsequent proceedings.

Defendant seeks approval of his submitted statements concerning the following proceedings:

3

1) April 12, 1995, Rule 5 proceeding, Case No. 95-10022-JTM (Doc. 238 at 2);

2) April 14, 1995, Rule 5 proceeding, Case No. 95-10052-JWB (Doc. 239 at 2);

3) April 19, 1995, arraignment on indictment, Case No. 95-10022-JTM (Doc. 240 at 2);

4) April 19, 1995, arraignment on information, Case No. 95-10052-JWB (Doc. 241 at 2);

5) May 3, 1995, Rule 5 and arraignment on indictment, Case No. 95-10052-JWB (Doc. 242 at 2);

6) June 7, 1995, review of detention order, Case No. 95-10022-JTM (Doc. 243 at 2);

7) June 7, 1995, review of detention order, Case No. 95-10052-JWB (Doc. 244 at 2);

8) July 28, 1995, hearing on motion to withdraw, Case No. 95-10052-JWB (Doc. 245 at 2);

9) July 28, 1995, hearing on motion to withdraw, Case No. 95-10022-JTM (Doc. 246 at 2);

10) April 14, 1995, arraignment/detention hearing, Case No. 95-10022-JTM (Doc. 247 at 2).

(Doc. 249 at 3.)  Defendant contends the statements are required to present material to the Tenth Circuit in support of his petition for writ of mandamus.  (*Id.*)  Defendant cites evidence that the transcripts or recordings of the foregoing hearings are no longer available.  *See Guide to Judiciary Policy*, Vol. 10, Appx. 6B, at 16 (sound recordings of arraignment are destroyed twenty years after close of a case.)

## II. Analysis

Rule 10 of the Federal Rules of Appellate Procedure concerning the record on appeal provides in part:

> **(c) Statement of the Evidence When the Proceedings Were Not Recorded or When a Transcript Is Unavailable**. If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection.

4

> The statement must be served on the appellee, who may serve objections or proposed amendments within 14 days after being served. The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval. As settled and approved, the statement must be included by the district clerk in the record on appeal.

(Fed. R. App. P. 10(c)).

The court concludes that Defendant's request for relief under this rule is procedurally and substantively improper. Defendant's statements were filed in the absence of any appeal, contrary to Rule 10(c), which directs "the appellant" and "the appellee" to take certain actions for compilation of the "record on appeal." Fed. R. App. P. 10(c). Even assuming (without deciding) that Defendant's subsequently-filed petition for writ of mandamus in the Tenth Circuit cured this defect and amounts to an "appeal" within the meaning of Rule 10, and further assuming the filing of Defendant's statements satisfied Rule 10(c)'s requirement for service of the statements upon the appellee, the statements nevertheless improperly consist almost entirely of legal arguments and factual assertions about matters outside of the proceedings at issue. As Judge Marten accurately noted in his recent order concerning these motions, Defendant appears to be "using a different vehicle to present arguments identical to those which this court has determined are unauthorized, successive collateral attacks on his convictions." (Case No. 95-10022-JTM, Doc. 58 at 4.)

Rule 10(c) provides that the statement shall be submitted to the district court for settlement and approval. Notwithstanding the lack of any current objections, the court determines that Defendant's motion for approval of his statements should be denied. The "best available means" of showing the content of these proceedings from twenty-five years ago are the contemporaneous minute sheets and clerk's entries that were filed to reflect the course of the proceedings. *Cf.* Fed. R. App. P. 10(c). Those documents are already part of the record in this case and in Case No. 95-10022-JTM and are more reliable evidence of the course of the proceedings than Defendant's confused, irrelevant, and unsubstantiated arguments.

5

**III Conclusion**

Defendant's motions for statements (Docs. 238-247) and his motion seeking approval of statements (Doc. 249) are DENIED.

The Clerk of the District Court is directed to forward a copy of this order to the Tenth Circuit Court of Appeals (in reference to Tenth Circuit Case No. 20-3155).  IT IS SO ORDERED this 31st day of August, 2020.


_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE